UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Johniece J. E.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Frank Bisignano,[1] Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. 2:25-cv-01091-DJA<br><br>**Order** |

　　　　Before the Court is Plaintiff Johniece J. E.'s motion for leave to proceed *in forma pauperis* (meaning, to proceed without paying the filing fee). (ECF No. 1). Because the Court finds that Plaintiff has demonstrated an inability to prepay fees and costs or give security for them, it grants the application. However, the Court finds that Plaintiff's complaint has not met the basic requirements to satisfy screening. (ECF No. 1-1). It thus dismisses her complaint without prejudice. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.　　Discussion.**

　　　　*A.　　Plaintiff's* **in forma pauperis** *application.*

　　　　Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Plaintiff receives only food stamps and is living with a friend who does not charge her for rent or utilities. She also receives help paying her cellphone bill. The Court thus finds that Plaintiff is unable to pay an initial partial filing fee and grants the application to proceed *in forma pauperis.*

---

[1] Frank Bisignano is now the Commissioner of Social Security and is substituted as a party.

**B.     Screening Plaintiff's complaint.**

When a plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint. *See* 28 U.S.C. § 1915(e). For social security appeals, judges in this district consider four requirements for complaints to satisfy screening. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases). *See id.* First, the complaint must establish that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the application within 60 days after notice of the Social Security Commissioner's final decision. *See id.* Second, the complaint must indicate the judicial district in which the plaintiff resides. *See id.* Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. *See id.* Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.[2] *See id.*

Plaintiff's complaint is not sufficient to survive screening. While Plaintiff meets the first and second requirements, she does not meet the third and fourth. Plaintiff does not state the nature of her disability or when she claims to have become disabled. Instead, she simply states in conclusory fashion that she is disabled. She also does not allege a plain, short, and concise statement identifying the nature of her disagreement with the determination made by the Social Security Administration and why she is entitled to relief. Again, instead, she simply states in conclusory fashion that "[t]he conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation" and that "[t]he conclusions and findings of fact of the Defendant are based on legal error." So, the Court dismisses Plaintiff's complaint without prejudice and with leave to amend.

---

[2] New rules govern social security cases, which provide in pertinent part that the plaintiff "may" provide a short and plain statement of the grounds for relief. Supp. R. Soc. Sec. 2(b)(2). In the context of an *in forma pauperis* screening, however, a social security plaintiff must still provide a sufficient explanation as to her contentions on appeal. *Jalal H. v. Comm'r of Soc. Sec.*, 2023 WL 35218, at *2 (S.D. Cal. Jan. 4, 2023).

1    **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pay the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file the complaint.  (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is **dismissed without prejudice and with leave to amend.**  Plaintiff will have until **September 15, 2025,** to file an amended complaint if the noted deficiencies can be corrected.  **Failure to comply with this order may result in the dismissal of this action.**

DATED: August 15, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE